Submitted on record and brief May 8, affirmed August 23, 2006

In the Matter of
Quaniesha Jackson and Quaness Jackson,
Minor Children.

STATE ex rel JUVENILE DEPARTMENT
OF MULTNOMAH COUNTY,
*Respondent,*

*v.*

Calvin Jerome JACKSON,
*Appellant.*

2001-819061 and 2001-819062; A130793

142 P3d 110

Caryanne Conner filed the brief for appellant.

Hardy Myers, Attorney General, Mary 'H. Williams, Solicitor General, and Anna M. Joyce, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Chief Judge, and Murphy, Judge pro tempore.

ORTEGA, P. J.

.

## ORTEGA, P. J.

Father appeals from a juvenile court dependency review order.[1] He assigns error only to the termination of the court's appointment of his attorney. Reviewing *de novo*, ORS 419A.200(6)(b), we conclude that father was not entitled to court-appointed counsel at the relevant time. Accordingly, we affirm.

The court appointed counsel for father shortly after a petition for jurisdiction was filed in October 2001. Over the course of the proceedings, the permanency plan for the children changed because they have special needs that made adoption impracticable. In July 2005, the juvenile court approved a plan of permanent foster care.[2]

In December 2005, the court held a review hearing. During the hearing, which father did not attend, the parties and the court discussed father's apparently recent criminal conviction and the possibility that he might receive a 400-month sentence. Father's counsel stated that she had not had recent contact with father but understood that he wanted to correspond with the children. At the conclusion of the hearing, the court terminated the appointment of father's counsel. A brief discussion at the hearing suggests that the court thought that father no longer required counsel. The court told father's attorney, "I don't understand why [father] has a lawyer in this case anymore. Do you have a function to perform as far as you're concerned?" The attorney replied that father had "expressed an interest in continuing to attend the review hearings" concerning the children. The court expressed some skepticism but acknowledged that father "is

---

[1] ORS 419A.200(1) authorizes an appeal by a party "whose rights or duties are adversely affected by a judgment of the juvenile court * * *." For such appeals, "judgments" include a "final order adversely affecting the rights or duties of a party and made in a proceeding after judgment including, but not limited to, a final order under ORS 419B.449 or 419B.476." ORS 419A.205(1)(d). Here, the court entered a permanency hearing judgment in July 2005, and the appointment of father's counsel was terminated in an order following a December 2005 dependency review hearing pursuant to ORS 419B.449.

[2] ORS 419A.004(17) defines "permanent foster care" as "an out-of-home placement in which there is a long-term contractual foster care agreement * * * that is approved by the juvenile court and in which the foster parents commit to raise a ward in substitute care * * * until the age of majority."

still their father." Over an objection by father's counsel, the court terminated the appointment and scheduled another review hearing.

On appeal, father argues that "there is no question that [f]ather remains eligible for a court-appointed attorney. There is also no question that the nature of the proceeding and due process still require that counsel be appointed for [f]ather." He does not argue that he was deprived of notice of any hearings, the right to participate in any hearings, or any other rights in relation to the ongoing dependency proceedings. The state has appeared but takes no position regarding the correctness of the juvenile court's decision to terminate father's court-appointed counsel.

A parent's right to counsel in juvenile dependency cases is addressed by several statutory provisions. Under ORS 419B.875(1)(a)(B),[3] a child's parents are parties to dependency proceedings. The rights of parties include "[t]he right to appear with counsel and * * * to have counsel appointed as otherwise provided by law[.]" ORS 419B.875(2)(b). The appointment of counsel is addressed in ORS 419B.205.[4] ORS 419B.205(1) provides:

"Counsel shall be appointed for the parent * * * whenever the nature of the proceedings and due process so require, and when the parent * * * has been determined by the court to be eligible to receive appointed counsel * * *. In deciding whether to appoint counsel under this section, the court shall consider the following factors:

---

[3] The 2005 Legislative Assembly amended ORS 419B.875. Or Laws 2005, ch 160, § 4; Or Laws 2005, ch 450, § 8. The amendments are not relevant to our analysis; accordingly, we cite the current version of ORS 419B.875.

[4] Although father cites ORS 419B.518, that provision applies to termination of parental rights proceedings, not dependency proceedings generally. See Zockert v. Fanning, 310 Or 514, 522, 800 P2d 773 (1990) (explaining, regarding predecessors of ORS 419B.205 and ORS 419B.518, that the legislature made assistance of counsel part of the process in termination cases, but created "a case-by-case right of counsel" in less extreme cases); Or Laws 1993, ch 33, §§ 75, 144, 373 (repealing *former* ORS 419.498(2)(d) (1991), and *former* ORS 419.525(2) (1991), and enacting virtually identical provisions codified as ORS 419B.205(1) and ORS 419B.518(1)); *see also State ex rel Juv. Dept. v. Grannis*, 67 Or App 565, 572, 680 P2d 660 (1984) (noting that "[i]t is axiomatic that a parent's private interest in termination cases is greater than the parental interest in dependency proceedings," although a parent still may be entitled to appointed counsel in some dependency proceedings).

"(a) The duration and degree of invasiveness of the interference with the parent-child relationship that possibly could result from the proceeding;

"(b) The complexity of the issues and evidence;

"(c) The nature of allegations and evidence contested by the parent or legal guardian; and

"(d) The effect the facts found or the disposition in the proceeding may have on later proceedings or events, including but not limited to termination of parental rights or criminal proceedings."

UTCR 11.010 provides for prompt appointment of counsel in juvenile matters, and UTCR 11.020(2) provides that, unless there is a written order to the contrary, the appointment of counsel extends until the time for taking an appeal has expired.

The statutes and rules thus require that counsel be appointed under certain circumstances and that the appointment continue unless the court orders otherwise. No one contends that the juvenile court was *required* to consider, *sua sponte*, whether father had a continuing need for court-appointed counsel or to terminate counsel's appointment. Rather, the question before this court is whether the juvenile court erred by undertaking that consideration and terminating the appointment.

Here, father's only stated reason for continuing the appointment of counsel was "an interest in continuing to attend the review hearings * * *." Under ORS 419B.875(2), father retains the right to attend and participate in review hearings.[5] However, nothing in the record suggests that, at

_____

[5] ORS 419B.875(2) provides:

"The rights of the parties include, but are not limited to:

"(a) The right to notice of the proceeding and copies of the petitions, answers, motions and other papers;

"(b) The right to appear with counsel and * * * to have counsel appointed as otherwise provided by law;

"(c) The right to call witnesses, cross-examine witnesses and participate in hearings;

"(d) The right of appeal; and

"(e) The right to request a hearing."

the time that the juvenile court terminated the appointment of father's attorney, father was facing a proceeding for which an appointed counsel was needed. He had a statutory right to do the one thing—attend review hearings—for which he sought counsel's assistance, and there is no evidence that the juvenile court denied that right or would do so in the future. Father did not express any challenge to any aspect of the permanent foster care placement. He has not argued, and our review of the record does not suggest, that any upcoming proceeding could result in interference with his relationship with the children, would involve complex issues and evidence, would involve allegations or evidence that father would wish to contest, or would have any effect on other proceedings. In short, nothing in the record suggests that father, at the time of the December 2005 hearing, was entitled to appointment of counsel under ORS 419B.205(1), although our decision does not preclude the possibility that father may have the right to appointed counsel in some future proceeding. Because father was not entitled to appointed counsel at the time in question, the court did not err in terminating his attorney's appointment.

Affirmed.